IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LONTA DOMINQUE HOBBS, | § § | |
| Movant, | § § | |
| V. | § § | NO. 7:19-CV-110-O |
| | § | (NO. 7:18-CR-021-O) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

**OPINION AND ORDER**

Came on for consideration the motion of Lonta Dominque Hobbs, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The Court, having considered the motion, the government's response, the reply, additional motions by movant, the record, including the record in the underlying criminal case, No. 7:18-CR-021-O, and applicable authorities, finds that the motion should be denied, except to the extent that the Court will hear the matter of whether movant requested his attorney to file a notice of appeal.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On September 18, 2018, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 244. An attorney was retained by relatives to represent movant. CR Doc. 258; CR Doc. 259.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:18-CR-021-O.

On October 18, 2018, movant was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute 50 grams of more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 264. Movant and his counsel signed a waiver of indictment, CR Doc. 166, a factual resume, CR Doc. 267, and a plea agreement. CR Doc. 268. The factual resume set forth the elements of the offense charged by the superseding information, the penalty movant faced, and the stipulated facts establishing that movant had committed the offense.[2] CR Doc. 267. Among other things, the plea agreement set forth that: movant could be sentenced to a term of imprisonment of not less than five nor more than forty years; movant understood that the sentence would be imposed by the Court after consideration of the United States Sentencing Guidelines ("guidelines"); movant had reviewed the guidelines with his attorney; he understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case and that he would not be allowed to withdraw his plea if the sentence was higher than expected; the plea was freely and voluntarily made and was not the result of force or threats, or of promises other than as set forth in the agreement; movant waived his right to appeal from his conviction and sentence and to pursue any collateral relief, including proceedings under § 2255; and, movant had thoroughly reviewed all legal and factual aspects of his case with his counsel and was fully satisfied with his representation. CR Doc. 268.

On October 25, 2018, movant appeared before the United States Magistrate Judge to enter a plea of guilty to the offense charged by the superseding information. CR Doc. 271. He and his

---

[2] In particular, movant stipulated that he received methamphetamine from a source of supply in the Dallas, Texas, area and directed four other persons to distribute the methamphetamine to customers in Wichita Falls. He also ordered the delivery of methamphetamine to others who then distributed it to customers. Doc. 267 at 2.

attorney signed a consent to administration of guilty plea and allocution by the magistrate judge. CR Doc. 270. At the arraignment, movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; he read the plea agreement and understood it; he was waiving the right to appeal and to challenge his conviction and sentence in collateral proceedings, including under § 2255, except in certain instances; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; he understood that he could be sentenced to a term of imprisonment of not less than five years nor more than forty; and the stipulated facts in the factual resume were true and correct. CR Doc.291 at 4–35. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 35–36. He issued a report and recommendation that the plea be accepted. CR Doc. 272. Movant did not file objections and the Court accepted the plea. CR Doc. 275.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 38 because the offense involved more than 45 kilograms of methamphetamine. CR Doc. 276, ¶ 46. He received a two-level enhancement for possession of a

3

dangerous weapon, *id.* ¶ 47, and a four-level adjustment for being an organizer or leader of a criminal activity that involved five or more participants. *Id.* ¶ 49. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 53, 54. Based on a total offense level of 41 and a criminal history category of III, movant's guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentence was 40 years, so the guideline range became 360 months to 480 months. *Id.* ¶ 97. Movant filed objections to the PSR. CR Doc. 278. The probation officer filed an addendum. CR Doc. 280. Movant again objected. CR Doc. 282. He also filed a lengthy sentencing memorandum. CR Doc. 284.

The Court heard movant's objections at sentencing and overruled them. CR Doc. 292. Movant was sentenced to a term of imprisonment of 240 months. CR Doc. 287. He did not appeal.

## II. GROUNDS OF THE MOTION

Movant sets forth three grounds in support of his motion. Doc.[3] 6. They are worded as follows:

Ground One: violation of the Eighth Amendment "excessive sanctions"

*Id.* at 6.[4]

Ground Two: violation of the Sixth Amendment and the Fifth Amendment

*Id.*

Ground Three: Ineffective assistance of counsel violation of the Sixth Amendment

*Id.*

On July 24, 2020, the clerk received for filing a document titled "Movant Hobbs' Amendment to his 28 U.S.C. § 2255 Motion Filed Under Federal Rule of Civil Procedure 15(a),

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The page reference is to the actual page number of the document as reflected at the top, here, "page 6 of 8."

4

In Support of Movant's Claim for a Remand for Reduced Sentence in his Original § 2255." Doc. 20. In that document, he argues that his attorney was ineffective for failing to argue and obtain for movant a reduction for minor role in the conspiracy.[5]

On March 15, 2021, the clerk received for filing "Petitioner's Hobbs Second Amended Section 2255 Motion." Doc. 24. In this document, he argues that his counsel was ineffective in failing to invoke *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), in order to challenge the career offender sentence enhancement.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

---

[5] This same document in included *verbatim* in movant's reply to the government's response to his motion. Doc. 23, pp. 1–7, 16.

5

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**C. Timeliness**

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

## IV. ANALYSIS

In support of his first ground, movant argues that his sentence violates the Eighth Amendment because it was "the most of anyone else on the indictment." Doc. 6 at 6. In his memorandum, he simply makes the conclusory allegation that the sentence was more than needed to punish him. Doc. 7 at 7.

The Eighth Amendment prohibits punishment that is grossly disproportionate to the severity of the crime committed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). A sentence within the advisory guideline range is a "convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993). In other words, the Court applies a

rebuttable presumption of reasonableness to such a sentence.[6] *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). And, in this circuit, the unwarranted disparity factor is not entitled to significant weight when the sentence falls within the guideline range. *United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011). Movant has not made any attempt to overcome the presumption. He has not shown that his sentence was disparate from the sentences of similarly situated defendants. He does not identify anyone whose sentence should be used as a comparator. Nor does he point to any nationwide statistics supporting his claimed disparity. *See United States v. Balleza*, 613 F.3d 432, 435 (5th Cir. 2010); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). The claim is without merit.[7]

In support of his second ground, movant alleges that his plea was invalid because he was tricked or pushed into making a plea thinking he would get less time. Doc. 6 at 6. In his memorandum, he says that his attorney told him he would not get more than ten years and had he known he would get 240 months, he would have gone to trial. Doc. 7 at 8–9. He offers nothing more than these conclusory allegations, which are insufficient. *See United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018). Even if true, what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981).

---

[6] In this case, movant's sentence was substantially below the applicable guideline range. Accordingly, it seems highly unlikely that he could ever meet his burden to show an Eighth Amendment violation.

[7] As the government notes, movant waived his right to pursue this ground. Doc. 18 at 9 (citing CR Doc. 268, ¶ 10). Further, movant has not made any attempt to show cause and prejudice to overcome his default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he understood that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; that he understood his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. The magistrate judge specifically explained to movant that the Court was not bound by the stipulated facts and could take into account other facts not mentioned in the stipulations. Movant testified that he understood. CR Doc. 291. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Both set forth the penalties to which movant was subject. CR Doc. 267; CR Doc. 268. The plea agreement specifically explained the Court's sentencing discretion and role of the guidelines. CR Doc. 268 at 2. Further, the plea agreement recited that movant's plea was freely and voluntarily made and was not the result of any guarantees or promises from anyone as to what sentence the Court would impose. *Id.* at 4.

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*,

9

132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). That is the case here.

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason outside movant's *ipse dixit* to believe that he would have insisted on going to trial but for counsel's alleged representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). As movant admitted, he clearly understood that he was pleading to an offense that carried a five year minimum and a forty year maximum sentence. CR Doc. 268 at 2; CR Doc. 291.[8]

In support of his third ground, movant argues that his counsel failed to make objections to the PSR based on his prior criminal record and failed to have an independent drug test done.[9] Doc. 6 at 6; Doc. 7 at 11. Movant does not explain what objections should have been made or how they would have affected the outcome. In his reply, he appears to argue that he should have been entitled to a minimal role reduction. Doc. 23. The contention makes no sense inasmuch as movant received

---

[8] Again, as the government notes, this ground is procedurally defaulted. Doc. 18 at 10–11.
[9] To the extent movant may be inferring that his counsel failed to investigate before the plea was entered, any claims of ineffectiveness in that regard was waived by the plea. *See United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). He does not claim that his plea was involuntary for that reason. The allegations are wholly conclusory in any event. *See United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989)(failure to investigate must be alleged with specificity).

a four-level increase for his role as leader or organizer of criminal activity involving five or more participants. CR Doc. 276, ¶ 49. The increase was based on movant's own admissions, not the false testimony of others. *See* CR Doc. 267; CR Doc. 276. As for the drug test, he says "it would have proven that the drugs taken originally was not the same as Mr. Hobbs but had come from a different source all together." Doc. 7 at 11. Why that would have been of any significance he does not explain. He did not receive an adjustment for importation. CR Doc. 276. This ground has no merit.

By his filings on July 24, 2020, Doc. 20, and March 15, 2021, Doc. 24, movant purports to assert additional grounds in support of his motion. The judgment in the underlying criminal case was entered February 6, 2019. Movant did not appeal; hence, his judgment became final February 20, 2019. *Griffith*, 479 U.S. at 321 n.6. He had one year from that date in which to file his § 2255 motion. 28 U.S.C. § 2255(f). His original motion was timely; however, the first and second supplements were not. Movant does not contend that any provision other than § 2255(f)(1) would be applicable. Instead, he refers to Rule 15(a) of the Federal Rules of Civil Procedure in support of his right to amend. It appears to the Court that the first amendment probably relates back to the original filing and that the second one does not. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005). In any event, neither ground has any merit. As explained, *supra*, movant was not entitled to a reduction for having a minor role. The second additional ground is based on the contention that movant was erroneously sentenced as a career offender. That was not the case. CR Doc. 276.

Finally, movant contends that he requested that his attorney file a notice of appeal and the attorney failed to do so. Doc. 7 at 10. Because the record does not conclusively show that movant did not request an appeal, the government concedes that a hearing is necessary to consider whether

11

such request was made. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). That matter will be addressed by separate order.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motions is **DENIED**, except that the Court will have a hearing to determine whether movant requested his attorney to file a notice of appeal on his behalf.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of April, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**